IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DENISE L. JOHNSON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 4:17-CV-2802 |
| **SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, et al.,** | ) ) ) ) |
| **Defendants.** | ) ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant the Special School District of St. Louis County (the "District") respectfully requests that the Court grant the District's Motion to Dismiss the Complaint filed by Plaintiff Denise L. Johnson ("Plaintiff") for failure to state a claim upon which relief can be granted. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 15, 2016, alleging race discrimination and retaliation. The EEOC issued plaintiff a Right-to-Sue letter on June 7, 2017, notifying her that she had 90 days to file suit under federal law if she wished to do so. However, Plaintiff filed suit on December 1, 2017 – 189 days later. Plaintiff's federal race discrimination claim is therefore time barred. Additionally, Plaintiff now alleges numerous unrelated, untenable claims for violation of the Age Discrimination in Employment Act ("ADEA"), Family and Medical Leave Act ("FMLA"), Rehabilitation Act, and other, baseless claims. As demonstrated below, none of Plaintiff's claims have merit. Defendant respectfully requests the Court grant its Motion to Dismiss.

**I.    COMPLAINT ALLEGATIONS**

Plaintiff alleges that she is a Speech and Language Pathologist employed with the District. *See* Plaintiff's Complaint ("Compl."), ¶ 11. She alleges that District officials

11128952.3

discriminated against Plaintiff by refusing to transfer her to work at a different school district and retaliated against her for complaining of discriminatory acts. *See* Compl., p. 2. On January 15, 2016, Plaintiff filed a Charge of Discrimination (the "Charge") with the EEOC, alleging race discrimination and retaliation. *See* Plaintiff's Charge, submitted herewith as Ex. 1.[1] In Plaintiff's Charge, she specifically selected the boxes for discrimination based on "Race" and "Retaliation." *Id.* Plaintiff did not select the box for discrimination based on "Age" or "Disability," and Plaintiff did not allege any facts giving rise to discrimination on the basis of her age or any disability in her Charge. *Id.* The EEOC issued plaintiff a Right-to-Sue letter on June 7, 2017, notifying her to file a lawsuit, if at all, within 90 days. *See* Ex. 2.

On December 1, 2017, Plaintiff filed the Complaint, attempting to allege nine claims: (1) racial discrimination under Title VII of the. Civil Rights Act of 1964; (2) age discrimination under the Age Discrimination in Employment Act (ADEA); (3) "Reprisal for Engaging in Protected Activities"; (4) "Reprisal for Engaging in 'Whistleblower' Protected Activity"; (5) violation of the Rehabilitation Act of 1973; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) tortious interference with business expectancy; and (9) "Willful and Wanton." *See* Compl.

---

[1] Plaintiff signed her Charge under penalty of perjury, and it is date-stamped as being filed with the EEOC on January 15, 2016. The EEOC issued its Notice of Right to Sue to Plaintiff on June 7, 2017. The Court may take judicial notice of Plaintiff's Charge of Discrimination and the EEOC's Notice of Right to Sue, as these documents are records of an administrative agency. *See Faibisch v. University of Minnesota,* 304 F.3d 797, 802-03 (8th Cir. 2002) ("Accordingly, we conclude that an EEOC charge is part of the public record, and thus the motion to dismiss was not converted to one for summary judgment by the attachment of a copy of the EEOC charge."); *Macon v. Cedarcroft Health Services, Inc.*, No. 4:12-CV-1481 CAS, 2013 WL 1283865, at *3 (E.D. Mo., Mar. 27, 2013).

## II.     MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, a complaint's "factual content" must permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In reviewing a motion to dismiss, a district court should treat non-conclusory, factual allegations as true and disregard "mere conclusions, [because such conclusory allegations] are not entitled to the assumption of truth." *Id.* at 664. Plaintiff has failed to state a claim for relief that is plausible on its face with respect to her claims.

## III.    DISCUSSION

### A.     Plaintiff's First Claim for Race Discrimination in Violation of Title VII Fails

Plaintiff's Title VII claim is untimely because she failed to bring this claim within 90 days of receiving her Right-to-Sue letter from the EEOC, a statutory prerequisite to bringing a claim under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Brooks v. Ferguson-Florissant School Dist.*, 113 F.3d 903, 904 (8th Cir. 1997) ("A litigant has ninety days from the receipt of the EEOC letter in which to start an action [under Title VII]"). "[T]he plain meaning of the statute now provides that failure to file suit within ninety days after receipt of a notice from the EEOC renders a plaintiff's action untimely." *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995); *see also Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist.*, 949, 309 F.3d 1051, 1054 (8th Cir. 2002) (affirming dismissal of Title VII claims as untimely because they were filed more than 90 days after the issuance of the right-to-sue letter).

Here, the EEOC issued plaintiff a Notice of Right to Sue letter on June 7, 2017.  *See* Ex. 2.  The Notice of Right to Sue specifies that if Plaintiff intended to commence a lawsuit, such lawsuit "must be filed in the appropriate Court within 90 days of your receipt of this Notice."  *Id.*  Even giving Plaintiff the benefit of the three-day presumptive mailing period (*see, e.g., Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831 F. Supp. 733 (E.D. Mo. 1993), plaintiff received her Right-to-Sue letter from the EEOC on or before June 12, 2017.  Accordingly, if she wanted to bring a Title VII claim, she had to do so, at the latest, before September 10, 2017.  As noted above, Plaintiff did not bring this claim until December 1, 2017.  **[Jason – Earlier we said Dec. 1, so I changed this reference from Dec. 2 to Dec. 1. Please confirm.]**  *See Lucas v. Brown & Root, Inc.*, 736 F. 2d 1202, 1203 (8th Cir. 1984) (affirming dismissal of Title VII claim filed 91 days after plaintiff received Right to Sue letter).  Because plaintiff did not bring her Title VII claim within 90 days of receiving her Right-to-Sue letter from the EEOC, her claim is time-barred.

### B.  Plaintiff's ADEA Claim Fails

Plaintiff's claim arising under the ADEA fails as a matter of law, as Plaintiff did not exhaust her administrative remedies by filing a charge with the EEOC relating to this claim.

The ADEA requires that claimants timely file a charge of discrimination with the EEOC prior to bringing an ADEA action in court.  *See* 29 U.S.C. § 626(d).  "Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed."  *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir. 2000) (internal quotations and citation omitted).  If a plaintiff fails to first exhaust her administrative remedies with respect to her ADEA claim, a plaintiff is barred from asserting those claims in court.  *See Taylor v. Wright*, No. 4:05 CV 798 JCH, 2005

WL 2033422, at *3 (E.D. Mo., Aug. 23, 2005) ("As noted above, the Court finds Plaintiff did not allege age discrimination in his EEOC complaint form. Further, upon consideration the Court finds that Plaintiff's claim of age discrimination is in no way like or reasonably related to the harassment and retaliation allegations contained in his administrative charge. Plaintiff therefore did not administratively exhaust his age discrimination claim, and so Defendant's Motion to Dismiss on this basis must be granted.") (internal citations omitted).

Here, Plaintiff is barred from pursuing any claims under the ADEA because she has failed to file a charge with the EEOC relating to her allegations of age discrimination. The only right-to-sue letter that Plaintiff has identified in the Complaint is related to her claim for race discrimination. Plaintiff's failure to exhaust her administrative remedies now bars her from pursuing her ADEA claim in the Complaint and this claim should be dismissed. Regardless, Plaintiff cannot and does not attempt to state a claim under the ADEA, which requires a plaintiff to allege (1) she is a member of a protected class; (2) she applied for and was denied a position for which she was qualified; and (3) the position was given to a significantly younger person. *Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1104 (8th Cir. 1996). Plaintiff does not set forth any allegations that she was discriminated against on the basis of her age and this claim should be dismissed.

C. **Plaintiff's Claim for "Reprisal for Engaging in Protected Activities" Fails**

Plaintiff's third claim alleges that "Defendant's" conduct "constitutes retaliation against the plaintiff because she engaged in activities protected by Title VII and the ADEA." *See* Compl., ¶ 58. However, as explained above, Plaintiff failed to timely file her Title VII claim within ninety days of receiving her Right-to-Sue letter from the EEOC, and therefore this claim is time-barred. Further, to the extent Plaintiff intended to assert this claim under the ADEA,

Plaintiff has failed Plaintiff's to exhaust her administrative remedies and she is barred her from pursuing a retaliation claim based on the ADEA. Thus, this claim should be dismissed.

    **D.    Plaintiff's Claim for "Reprisal for Engaging in 'Whistleblower' Protected Activity" Fails**

Plaintiff's fourth claim summarily lists "Reprisal for Engaging in 'Whistleblower' Protected Activity" under (1) Americans with Disabilities Act (ADA) 42 U.S.C. §12203(a) AND 29 C.F.R. Part 1640; (2) Civil Rights Act of 1964 (Title VII) 42 U.S.C. § 2000e-3(a); (3) Education Amendments of 1972 (Title IX) 20 U.S.C. § 1681, and sequence, implied claim under *Jackson v. Birmingham Bd. Of Ed.*, 544 U.S. 167 (2005); (4) Family and Medical Leave Act [FMLA] 29 U.S.C. § 2615; and (5) Rehabilitation Act 29 U.S.C. § 794, 29 C.F.R. §§ 1614, 1641, Chapter 60. *See* Compl., ¶¶ 59-61.

As explained above, this claim necessarily fails to the extent it is brought under (1) the ADEA or (2) Title VII, as Plaintiff failed to exhaust her administrative remedies under the ADA and failed to timely file her complaint under Title VII.

Further, this claim fails under (3) "Education Amendments of 1972 (Title IX) 20 U.S.C. § 1681," as Title IX only applies to discrimination on the basis of sex. *See Jackson v. Birmingham Bd. of Educ.* 544 U.S. 167, 167 (2005); *Boulahanis v. Board of Regents*, 198 F.3d 633, 641 (7th Cir. 1999) ("Title IX should serve as the exclusive source of claims against federally-funded institutions only when sex-based discrimination is alleged; when the discrimination at issue is race-based, Title IX preemption does not apply.").

This claim also fails to the extent that Plaintiff seeks to assert "whistleblower protections" under the (4) "the FMLA," as the FMLA only gives rise to a claim if an employer allegedly "interferes with" or "retaliates against" a plaintiff relating to FMLA protections. *See* 29 U.S.C. § 2612(a)(1)(A)-(D); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir.

2006) ("The FMLA provides job security to employees who must miss work because of their own illnesses, to care for family members, or to care for new babies."). Plaintiff fails to allege that she took FMLA leave or that she was retaliated against for doing so.

Lastly, for the reasons set forth below, this claim fails to the extent it is asserted under (5) "the Rehabilitation Act of 1973," as Plaintiff fails to allege that she has a disability or that she suffered an adverse employment action. *See Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 and n. 2 (8th Cir. 1995).

### E. Plaintiff's Rehabilitation Act Claim Fails

Plaintiff baldly alleges that the District "discriminated against the plaintiff by denying her reasonable accommodation for her disabilities." *See* Compl., ¶ 63. However, to state a claim under the Rehabilitation Act, a plaintiff is required to establish three elements. First, plaintiff must be "disabled," which means that he or she is substantially impaired in a major life activity, has a record of such impairment, or is perceived as having such an impairment. *See Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 and n. 2 (8th Cir. 1995); *Burch v. Henderson*, No. 97-1095-CV-W-6, 2000 WL 97184, at *17 (W.D. Mo., Jan. 27, 2000). Second, the plaintiff must be qualified to perform the essential functions of the job in question, either with or without a reasonable accommodation. *Id.* Third, the plaintiff must suffer an adverse employment action because of the disability. *Id.*

Plaintiff does not allege she has any disability in her Complaint. Further, she fails to satisfy the elements that she is qualified to perform the essential functions of her job or that she suffered an adverse employment action on account of a disability. Thus, Plaintiff has failed to state a claim upon which relief can be granted under the Rehabilitation Act.

F.  **Plaintiff's IIED and NIED Claims Fail**

Plaintiff attempts to allege claims for Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress ("NIED") solely on the argument that she was subjected to emotional distress as a result of allegedly discriminatory actions during her employment. The Missouri Workers' Compensation Act preempts these claims.

"Workers' compensation laws are the exclusive remedy for injuries arising out of and in the course of employment." *Palermo v. Tension Envelope Corp.,* 959 S.W.2d 825, 829 (Mo. Ct. App. 1997) (citing Mo. Rev. Stat. § 287.120). Further, the Missouri Labor and Industrial Relationship Commission has exclusive jurisdiction over such claims. *See Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160 (Mo. 1991); *See Roe v. St. Louis University*, No. 4:08CV1474 JCH, 2009 WL 910738, at *5 (E.D. Mo., Apr. 2, 2009) ("In cases in which plaintiffs have filed claims under Title VII and/or the MHRA as well as common law tort claims for intentional and/or negligent infliction of emotional distress, courts have consistently dismissed the common-law tort claims as being preempted by the Missouri Workers' Compensation Act."); *see e.g., Nichols v. American National Insurance Company,* 945 F. Supp. 1242 (E.D. Mo. 1996) (dismissing the plaintiff's claim of intentional infliction of emotional distress as being barred by the Missouri Workers' Compensation Law, in case where the plaintiff also asserted a Title VII claim). As a result, Plaintiff's IIED and NIED claims should be dismissed, as these claims are preempted by the Missouri Workers' Compensation Act.

G.  **Plaintiff's Claim for Tortious Interference with a Business Expectancy Fails**

Plaintiff alleges her claim for Tortious Interference with a Business Expectancy on the grounds that she is a "third party beneficiary to the contract between the [District] and the Missouri NEA ('Union')" and she "should have been allowed to work overtime and receive extra

monies afforded to [District] teachers pursuant to the needs of the [D]istrict." *See* Compl., ¶¶ 79-80.  She alleges that co-defendant "DeAndria Player," Plaintiff's alleged supervisor (*see* Compl., ¶ 14) interfered with her opportunities for earn additional income at the District. *See* Compl., ¶¶ 79-89.

A claim for tortious interference with a contract or business expectancy requires the following: (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct.  *Reed v. Curators of University of Missouri*, 509 S.W.3d 816, 828 (Mo. Ct. App. 2016) reh'g and/or transfer denied (Dec. 15, 2016), transfer denied (Feb. 28, 2017).  Further, "an action for tortious interference with a business expectancy will lie against a third party only.  Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference." *Id*. at 829 (internal citations omitted).  Plaintiff alleges her supervisor prevented her from earning additional income as permitted under her employment contract.  Thus, because Plaintiff alleges that her supervisors committed the alleged interference with her employment contract, and not a third party, Plaintiff's claim necessarily fails.

## H.    Plaintiff Claim for "Willful and Wanton" Fails

Plaintiff's claim for "Willful and Wanton" is not a recognized claim under Missouri or federal law.  To the extent Plaintiff seeks to establish "punitive damages against the defendants for their 'Willful and Wanton' behavior," her claim should be dismissed given that it is not a recognized stand-alone claim.  *See* Compl., ¶ 100.  "A punitive damage claim is not a separate cause of action, it must be brought in conjunction with a claim for actual damages." *Misischia v.*

*St. John's Mercy Med. Ctr.,* 30 S.W.3d 848, 866 (Mo. Ct. App. 2000).  To the extent that Plaintiff seeks to recover punitive damages under her other claims, such damages are not recoverable, as each of Plaintiff's other claims fail as a matter of law.  *See Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 526 (Mo. Ct. App. 2007) (finding where the plaintiffs failed to prove an underlying cause of action supporting a punitive damages award, the award in the judgment was reversed); *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009) ("There is no independent cause of action for punitive damages under either federal or Missouri law.").  Plaintiff is unable to assert this request for punitive damages as a separate cause of action and Plaintiff cannot demonstrate entitlement to recovery of punitive damages under any other claim.  Thus, this claim should be dismissed.

### IV.   CONCLUSION

Based on the foregoing, Defendant Special School District of St. Louis County respectfully requests that the Court grant its Motion to Dismiss and grant any further relief that the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By:    /s/ *Travis R. Kearbey*
     Travis R. Kearbey, #58964
     Jason R. Stavely, # 305698
     One Metropolitan Square
     211 N. Broadway, Suite 3600
     St. Louis, MO  63102
     (314) 259-2000 (telephone)
     (314) 259-2020 (facsimile)
     Email:  travis.kearbey@bryancave.com
              jason.stavely@bryancave.com

**Attorneys for Defendant Special School District of St. Louis County, Missouri**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing shall be served via the Court's electronic filing system on January 11, 2018, and by regular U.S. Mail, postage prepaid, on the 12th day of January 2018, on the following:

Denise L. Johnson
719 Avondale Dr.
St. Peters, Missouri 63376

**Pro-Se Plaintiff**

   /s/ *Travis R. Kearbey*