UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17cv2802 SNLJ |
| | ) |
| SPECIAL SCHOOL DISTRICT OF | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this nine-count[1] discrimination lawsuit against her employers, defendants Special School District of St. Louis County ("SSD"), the Jennings School District ("JSD"), and various individuals employed or formerly employed by those entities. Only SSD and the Jennings School District have been served with process. The two school districts have moved to dismiss. They have also moved to consolidate this case with another, nearly-identical case that plaintiff filed in state court and which was subsequently removed by the defendants. Plaintiff has not responded to the motions to dismiss or the motion to consolidate.

**I.      Factual Background**

The Court accepts the facts alleged in the complaint as true for the purposes of the motions to dismiss. Plaintiff alleges she is a speech and language pathologist employed by the SSD. She further alleges that the SSD officials discriminated against plaintiff by

---

[1] Plaintiff's counts are enumerated through "Count Ten," but plaintiff's complaint does not include a "Count Six."

refusing to transfer her to work at a different school district and retaliated against her for complaining of discriminatory acts. Plaintiff filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") on January 15, 2016. In the Charge, plaintiff selected boxes for discrimination based on "Race" and "Retaliation." She did not select boxes for "Age" or "Disability," nor did she allege facts giving rise to discrimination based on age or disability in her Charge. The EEOC issued plaintiff a Right-to-Sue letter on June 7, 2017, notifying her to file a lawsuit, if at all, within 90 days.

Plaintiff filed the instant complaint on December 1, 2017. She alleges (1) racial discrimination under Title VII of the Civil Rights Act of 1964; (2) age discrimination under the Age Discrimination in Employment Act ("ADEA"); (3) "Reprisal for Engaging in Protected Activities"; (4) "Reprisal for Engaging in Whistleblower Protected Activity"; (5) violation of the Rehabilitation Act of 1973; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) tortious interference with a business expectancy; and (9) "willful and wanton."

## II. Motion to Dismiss

Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319,

2

326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

### A.     Defendant Special School District's Motion

Defendant SSD moves to dismiss each count. As discussed below, plaintiff fails to state claim on which relief can be granted against SSD on these claims, and SSD's motion will be granted.

#### 1.     Racial Discrimination in Violation of Title VII

Title VII requires that a litigant bring a discrimination action within 90 days from her receipt of the EEOC's right-to-sue letter. *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 904 (8th Cir. 1997); 42 U.S.C. § 2000e-5(f)(1). The "plain meaning of the statute now provides that failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely." *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995). Plaintiff's right-to-sue letter was issued on June 7, 2017. Assuming it took three days for plaintiff to receive the letter, her Title VII claim needed to be filed by September 10, 2017. Plaintiff did not file her complaint until

December 1, 2017 --- nearly three months after the presumptive deadline.  Her Count I is therefore time-barred and will be dismissed.

### 2. ADEA Claim

Defendant contends plaintiff's ADEA claim should be dismissed because she failed to exhaust administrative remedies.  The ADEA requires that plaintiffs timely file a charge of discrimination with the EEOC prior to bringing an ADEA action in court.  *See* 29 U.S.C. § 626(d).  "Allegations outside the scope of the EEOC charge…circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000) (citation omitted).  A plaintiff who does not allege age discrimination in her EEOC complaint has not administratively exhausted her age discrimination claim, and thus any such claim must be dismissed.  *See Taylor v. Wright*, 4:05 CV 798 JCH, 2005 WL 2033422, at *3 (E.D. Mo. Aug. 23, 2005).  Plaintiff did not allege age discrimination on the Charge complaint form; she did not check the box indicating discrimination based on "age," and she checked only boxes indicating discrimination based on "race" and "retaliation."  In her statement of "particulars," plaintiff stated she had been discriminated against based on her race and "retaliated against for advocating for students with disabilities and reporting violations under the IDEA."  Plaintiff did not allege any facts in her Charge that are in any way related to an age discrimination claim, and thus this count will be dismissed.

### 3. "Reprisal for Engaging in Protected Activities"

Plaintiff brings this apparent retaliation claim pursuant to Title VII and the ADEA. However, because both plaintiff's Title VII claim and her ADEA claim are dismissed, her retaliation claim also cannot stand. Count 3 will be dismissed.

### 4. "Reprisal for Engaging in 'Whistleblower' Protected Activity"

Plaintiff purports to bring this claim under (1) the Americans with Disabilities Act, 42 U.S.C. § 12202(a) ("ADA"), (2) Title VII, (3) the Education Amendments of 1972 ("Title IX"), (4) the Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"), and (5) the Rehabilitation Act, 29 U.S.C. § 794.

As for any claim under the ADA, that claim fails for the same reason the above ADEA-based claims fail: plaintiff has failed to exhaust her administrative remedies as to any ADA claim. Plaintiff's whistleblower retaliation claim under Title VII fails because plaintiff failed to timely file her complaint under Title VII.

The claim also fails under Title IX. Although Title IX may provide a vehicle for retaliation claims, it applies only to reports of discrimination on the basis of sex. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005). Plaintiff does not allege she was retaliated against for reporting discrimination based on sex.

As for any claim asserting "whistleblower protections" under the FMLA, that statute only gives rise to a claim if an employer allegedly "interferes with" or "retaliates against" a plaintiff relating to FMLA protections. *See* 29 U.S.C. § 2612(a)(1)(A)-(D); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006) ("The FMLA provides job security to employees who must miss work because of their own illnesses, to care for

family members, or to care for new babies.") Defendant argues plaintiff has not alleged that she took FMLA leave or that she was retaliated against for doing so. Plaintiff does allege that she took FMLA leave (#1 at ¶ 42), but she does not state she was retaliated against for taking it --- rather, it appears she alleges that she took the FMLA leave because of other alleged retaliation.

Finally, as discussed below, to the extent this claim is asserted under the Rehabilitation Act, it fails for the reasons stated in the next section.

     **5.**     **Rehabilitation Act Claim**

The Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, provides "the same rights, procedure and remedies" as the ADA, but the Rehabilitation Act "applies to entities that receive federal financial assistance." The only difference is that the Rehabilitation Act "applies to entities that receive federal financial assistance." *Bechtel ex rel. Bechtel v. State Dept. of Soc. Services, Family Support Div.*, 274 S.W.3d 464, 467 n.3 (Mo. *banc* 2009). To state a claim under the Rehabilitation Act, plaintiff must show she is "disabled," which means she is substantially impaired in a major life activity, has a record of such impairment, or is perceived as having such an impairment. *Benson v. Nw. Airlines, Inc.*, 62 F.3d 1108, 1112 and n.2 (8th Cir. 1995). Plaintiff must also show she is qualified to perform the essential functions of the job, with or without reasonable accommodation, and that she has suffered adverse employment action because of her disability. *Id.* Moreover, the Rehabilitation Act requires that a "person's disability serve as the sole impetus for a defendant's adverse action against the plaintiff." *Wojewski v.*

*Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) (quoting *Amir v. St. Louis Univ.*,184 F.3d 1017, 1029 n. 5 (8th Cir.1999)).

Plaintiff has failed to allege any facts going to those factors – in particular, she has not alleged she has a disability, much less that it served as the sole basis for any adverse action. Thus, plaintiff has failed to state a claim upon which relief can be granted under the Rehabilitation Act, and the claim will be dismissed.

### 6. Emotional Distress Claims

Plaintiff includes counts for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") based on allegations that she was subject to emotional distress as a result of the allegedly discriminatory actions during her employment. Workers' compensation laws, however, provide "the exclusive remedy for injuries arising out of and in the course of employment*," Palermo v. Tension Envelope Corp.*, 959 S.W.2d 825, 829 (Mo. App. 1997) (citing Mo. Rev. Stat. § 287.120), and the Missouri Labor and Industrial Relationship Commission has exclusive jurisdiction over such claims, *see Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. 1991) (en banc); *see e.g.*, *Nichols v. American Nat'l Ins. Co.*, 945 F. Supp. 1242 (E.D. Mo. 1996) (dismissing the plaintiff's claim of intentional infliction of emotional; "[b]ecause these acts and the emotional injuries flowing from them necessarily occurred during the course of Plaintiff's employment, the Court holds that Missouri's Workers' Compensation Law provides the exclusive remedy for the emotional distress inflicted."). Plaintiff's claims of IIED and NIED will therefore be dismissed because they are preempted by Missouri Workers' Compensation Act.

### 7. Tortious Interference with Business Expectancy Claim

Plaintiff alleges that she is a "third party beneficiary to the contract between the [District] and the Missouri NEA ('Union')" and she "should have been allowed to work overtime and receive extra monies afforded to [the District] teachers pursuant to the needs of the district." (#1 at ¶¶ 79-80.) She alleges that defendant DeAndria Player, plaintiff's alleged supervisor, interfered with her opportunities for earning additional income. (*Id.*)

Plaintiff's claim for tortious interference with a contract or business expectancy fails, however, because an "action for tortious interference with a business expectancy will lie against a third party only." Farrow v. Saint Francis Med. Ctr., 407 S.W.3d 579, 602 (Mo. *banc* 2013) (quoting *Zipper v. Health Midwest*, 978 S.W.2d 398, 419 (Mo. App. 1998). "Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference. *Id.* Here, plaintiff alleges her supervisor was responsible for preventing her from earning additional income under her employment contract. Thus, because a supervisor is alleged to be responsible and not a third party, plaintiff's claim fails and must be dismissed.

### 8. "Willful and Wanton" Claim

The Court construes this claim as one for punitive damages. "A punitive damage claim is not a separate cause of action; it must be brought in conjunction with a claim for actual damages." *Klein v. Gen. Elec. Co.*, 728 S.W.2d 670, 671 (Mo. App. 1987).

Because the Court will dismiss the underlying claims on which any punitive damages claim is based, her claim for punitive damages must also be dismissed.

>    **B.     Defendant Jennings School District's Motion**

Plaintiff bring those same nine claims against the Jennings School District. Her claims must be dismissed for the same reasons they are dismissed as to the SSD. In addition, her claims against JSD for employment discrimination must be dismissed because she was not employed by JSD. Rather, she was employed by SSD and assigned to work in JSD schools. (#1 at ¶ 5.)

Plaintiff cannot state a claim against JSD, and the claims against them will be dismissed.

**III.    Motion to Consolidate**

SSD and JSD moved to consolidate this matter with the nearly identical matter that was filed in state court and then removed to this Court. However, both SSD and JSD moved to dismiss in that case as well, and those motions have been granted. *See Johnson v. Special School District of St. Louis*, 4:18CV53JCH, 2018 WL 2163647 (E.D. Mo. May 10, 2018). Thus, neither SSD nor JSD will remain in either litigation after the dismissal in this case is entered. The remaining thirteen individual defendants have not been served in either case. This Court ordered plaintiff to show cause why that case should not be dismissed for failure to serve the unserved defendants pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Special School District of St. Louis's motion to dismiss (#12) is **GRANTED**.

**IT IS FURTHER ORDERED** defendant Jennings School District's motion to dismiss (#23) is **GRANTED.**

**IT IS FURTHER ORDERED** that the defendant districts' motion to consolidate (#18) is **DENIED as moot**.

Dated this   21st   day of May, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE